■ First Federal Savings and Loan Association of Rochester, Appellant-Respondent, v Sydel Minkoff et al., Respondents-Appellants.—Levine, J. Cross appeals from an order of the Supreme Court (Harlem, J.), entered January 30, 1991 in

Broome County, which denied plaintiff's motion for partial summary judgment and defendants' cross motions for summary judgment dismissing the complaint.

In 1978, plaintiff acquired Ithaca Savings and Loan Association and undertook its obligations as tenant under a 20-year lease for a bank building in the Village of Johnson City, Broome County, owned by defendant Harry Minkoff and Abraham Kurtzer,* at a monthly rental of $1,625. The lease was originally negotiated in 1973 by the parties' respective predecessors in interest prior to construction of the subject building. Paragraph 11 of the lease provided in relevant part that: "For the period of one (1) year after completion of the building * * * all necessary repairs to the building shall be at [defendants'] expense, except those repairs directly attributable to the negligence of [plaintiff]. After expiration of said one (1) year, all necessary repairs and maintenance to the building shall be made by [plaintiff], and at [plaintiff's] expense, except those necessary repairs occasioned by fire, acts of the public enemy and insurable casualty * * *. At any time during the one (1) year period after the completion of the building, if any repairs which are the responsibility of [defendants] under any terms of this lease shall be required, including any part or all of the said structure * * * [defendants] shall commence such repair no later than thirty (30) days after receiving written notice thereof from [plaintiff] * * *. * * * It is further understood and agreed that maintenance called for by [plaintiff] shall be that of ordinary housekeeping of the building and those repairs not of a structural nature needed for the operation of a Savings and Loan business, and that all other repairs of a structural nature shall be the obligation of [defendants]."

In late 1978, plaintiff's counsel sent a letter to Minkoff and Kurtzer demanding that a number of structural repairs be made. Apparently dissatisfied with the action taken by defendants in response, plaintiff subsequently commenced the instant action seeking damages and an order directing defendants to perform the necessary structural repairs. Following joinder of issue, plaintiff moved for partial summary judgment on the issue of liability and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied both motions and these cross appeals followed.

---

* Abraham Kurtzer died in 1985. Defendants Bess Kurtzer and Marvin Kurtzer, his surviving wife and son, are named in this action individually and as executors of his estate. The action was discontinued against Sydel Minkoff.

The parties are now in dispute over responsibility for necessary structural repairs to the building, estimated to cost as much as $190,000. Plaintiff relies entirely on the language of paragraph 11 of the lease. Specifically, plaintiff points to the second sentence of the paragraph under which, after the first year of occupancy upon completion of the building, it is responsible for "all necessary repairs and maintenance", and the last sentence in the paragraph, defining the "maintenance called for by [plaintiff]", which excludes "repairs * * * of a structural nature [which] shall be the obligation of [defendants]". Plaintiff urges that this language is an unequivocal imposition of liability upon defendants for making structural repairs after the first year of occupancy.

We disagree. Defendants contend that paragraph 11 of the lease was expressly intended to cover the responsibility for structural repairs during the builder's one-year warranty period following completion of construction. While plaintiff's position appears to reflect a sounder interpretation of the literal language of paragraph 11 taken in isolation, that interpretation does create apparent conflicts with other provisions of the lease. For instance, paragraph 31 of the lease unqualifiedly imposes the general duty of repairs upon the tenant. Furthermore, paragraph 33 recites that "[i]t is distinctly understood that this is a *net, net, net* lease" (emphasis supplied). Net lease provisions are typically presumed to impose the responsibility for *all* expenses arising from the property, including the costs of repairs of every nature, upon the tenant *(see, H.K.H. Co. v American Mtge. Ins. Co.,* 490 F Supp 1201, 1202, *affd* 685 F2d 315; *Matter of Overmyer Co.,* 12 Bankr 777, 786, n 23, *affd* 30 Bankr 823). Thus, defendant's construction is supported by the rule that contracts are to be interpreted to avoid inconsistencies and to give meaning to all of the terms contained therein *(see, Barrow v Lawrence United Corp.,* 146 AD2d 15, 18).

It follows from the foregoing that the entire language of the lease agreement raises sufficient doubts as to the parties' intent regarding responsibility for structural repairs after the first year of occupancy upon completion of the building, and that resort to extrinsic evidence to interpret the agreement is justified *(see, supra)*. Each side has submitted extrinsic evidence to support their respective interpretations and, thus, Supreme Court correctly denied the motions for summary judgment *(see, supra,* at 21).

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.