OPINION OF THE COURT
Michael D. Stallman, J.
This commercial nonpayment summary proceeding raises two novel questions: Can a commercial net lessee who assumed responsibility for maintenance and repair assert a defense of actual and/or constructive eviction? Can an over-landlord intervene in a summary proceeding solely for the purpose of compelling the net lessee to pay certain sums directly to the overlandlord rather than to the lessor?
Petitioner 1833 Associates is the net prime tenant and sublessor of the subject premises; respondent is the net lessee *698 subtenant. Petitioner has commenced this commercial summary nonpayment proceeding against respondent seeking rent and additional rent due as of January 1992.
Petitioner has moved for an order (1) dismissing and/or severing the respondent’s first, second, third and fourth counterclaims and respondent’s third and ninth affirmative defenses and (2) striking the respondent’s first affirmative defense and/or in the alternative deeming the verification amended nunc pro tunc. Respondents have cross-moved to dismiss the petition. Owner and overlandlord Schnurmacher Brothers, a partnership, has moved for leave to intervene in this commercial nonpayment proceeding in order to obtain an order directing that certain monies be paid to them.
Petitioner’s motion to dismiss the counterclaims is granted and the counterclaims are ordered dismissed. Pursuant to paragraph 25 of the lease, respondent waived the right to assert counterclaims in a summary proceeding. This is not a situation where the circumstances of the counterclaim are so inextricably intertwined with an affirmative defense that the counterclaim waiver clause ought to be disregarded. First, the counterclaim would require extensive proof and computation of alleged property damage and business losses, which are not material to the issues properly before the court in this summary proceeding. Second, given the nature of the net lease, the related affirmative defenses cannot be maintained for the reasons discussed infra. This dismissal is without prejudice to the assertion of these claims in an appropriate forum. The court does not pass on whether these claims are adequately stated or meritorious.
Petitioner’s motion to dismiss the third affirmative defense, that rent-impairing conditions render the premises untenable and the ninth affirmative defense that petitioner’s actions constituted an actual and/or constructive eviction, is granted. Article 52 of the net lease of the entire building known as 1833 First Avenue provides that "[i]t is understood and agreed that is a 'Net Lease’ ” and that "all costs and expenses relating to the demised premises and in connection with the operation and maintenance of same shall be paid for by the Tenant.” Article 39 of the net lease further provides that respondent is obligated to maintain the subject building "at its sole cost and expense.”
Commercial net lease provisions are typically presumed to impose the responsibility for all expenses arising from the *699 property, including the costs of repairs of every nature, upon the tenant. (See, First Fed. Sav. & Loan Assn. v Minkoff, 176 AD2d 1049 [3d Dept 1991].) Under a net lease of an entire building, the tenant is generally required to perform all necessary repairs, including those deemed to be structural. (3 Fribourg and Gerstein, New York Practice Guide, Real Estate, Landlord-Tenant Leasing § 25.06 [4] [b] [May 1992].) Moreover, it is customary for a tenant to restore, replace or reconstruct after damage. (Friedman, Leases, Repairs § 10.301a [3d ed 1990].)
Moreover, the clear intention of the parties, evidenced by the language of the commercial net lease, was to transfer to the respondent net lessee, all responsibility for inspection, maintenance and repair. Given the complete absence of any evidence to the contrary, the court can only assume that respondents entered into this relationship with the understanding of this responsibility and that they fully inspected the premises and negotiated the rent accordingly. Because petitioner did not have the obligation to make repairs, respondents cannot assert the alleged leak as the basis for an actual and/or constructive eviction and were not justified in withholding rent. Having bargained for an "as is” (net lease, para 20) property, however imprudently, respondents cannot assert the bargained-for condition of the premises as a defense.
Petitioner’s motion to dismiss the first affirmative defense is granted. The petition was properly verified by an attorney in petitioner’s counsel’s law firm. RPAPL 741 permits an attorney to verify the petition on information and belief notwithstanding the fact that the petitioner is in the county where the attorney has his office. Accordingly, respondent’s cross motion to dismiss the petition on these grounds is denied.
Schnurmacher’s motion, for leave to intervene to obtain a court order directing that petitioner’s attorneys pay to them collected rents and that respondents pay to them not yet collected future rents, is denied for several reasons.
A summary proceeding is intended as a speedy means of recovering possession of real property because either the rent has not been paid or the tenant is holding over after the expiration or termination of the lease term. A summary proceeding is not an alternative to a plenary action for money. Neither is it a substitute for a proper application for a provisional remedy or a declaratory judgment, not available in *700 this forum. Schnurmacher is attempting to misuse a summary proceeding to obtain an immediate monetary benefit which may prejudice the rights of the proper parties to this summary proceeding and delay its resolution, without undertaking the risks concomitant with seeking a possessory judgment.
Additionally, Schnurmacher has failed to make the showing required for intervention under CPLR 1013. The statute authorizes permissive intervention in two instances: (1) when a statute of the State confers a right to intervene in the discretion of the court or (2) when the person’s claim or defense and the main action have a common question of law or fact.
Here there is no statute which confers a right to intervene; neither does Schnurmacher’s claim to certain monies have a common question of law or fact with the summary proceeding in which petitioner seeks a possessory judgment. Moreover, Schnurmacher has failed to submit with its motion a proposed pleading setting forth the claim for which intervention is sought. (CPLR 1014.)
Finally, Schnurmacher has failed to annex a complete copy of the lease between itself and Goldwep Realty Corp., petitioner’s assignor. Thus, it is not at all clear whether Schnurmacher can even demonstrate standing to assert the relief that it is seeking. Therefore, this application for leave to intervene here solely for the purpose of obtaining immediate monetary relief must be denied because the ultimate relief sought is not properly sought in a summary proceeding in the absence of a claim for a possessory judgment.
Schnurmacher’s motion is denied without prejudice to a proper summary proceeding, a plenary action or an action for declaratory and injunctive relief in Supreme Court. The court does not pass on the merits, if any, of such proceeding or action.