■ Poughkeepsie Savings Bank, FSB, et al., Appellants, v G.M.S.Y. Associates, Respondent. [656 NYS2d 917] —In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties under a ground lease, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered August 12, 1996, as denied that branch of their motion which was for summary judgment on their first cause of action and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment declaring that the plaintiffs may not assign the lease in question without the consent of the defendant, unless the assignment is to a partnership or corporation of which the plaintiffs are the principal owners.

In interpreting the provisions of a lease, the court should refrain from rewriting the lease under the guise of construction, should not construe the language of the lease in such a way as would distort its meaning, and should not construe the language in a manner that would render one or more of its provisions meaningless (*see, Tantleff v Truscelli,* 110 AD2d 240, 244-246, *affd* 69 NY2d 769; *Corhill Corp. v S. D. Plants,* 9 NY2d

595, 599). Construing the lease in question in light of these principles, it is clear that when Paragraphs 11 and 33 are read together, they operate to bar the assignment of the lease without the consent of the defendant landlord unless the assignment is to a partnership or corporation of which the plaintiff tenants are the principal owners. Furthermore, under the circumstances of this case, it cannot be said that the defendant landlord waived the lease's restrictions on assignments.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur. ·