■ WILLIAM S. HACK et al., Appellants, v UNITED CAPITAL CORP., Respondent. [669 NYS2d 280] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about February 4, 1997, which, in an action to recover the costs incurred to defend and settle a Federal securities action brought against plaintiffs as control persons of defendant corporation, granted defendant's motion to dismiss the action on the ground of release, unanimously affirmed, without costs.

On June 28, 1991, plaintiff William S. Hack, plaintiff Pearl Hack, his wife, and defendant United Capital Corp., a Delaware corporation, executed mutual general releases in connection with the resolution of litigation concerning control of the company. Prior to December 1987, when Mr. Hack resigned as chairman of the corporation and transferred his ownership interest to his wife, each plaintiff owned 25% of the stock and served as a corporate officer. Together with the release, plaintiffs signed an agreement pursuant to which Mrs. Hack received $12 million from the corporation in exchange for her stock to facilitate the merger of the company with its publicly held subsidiary. In the broadest language, the parties released each other from any and all claims that each might have against the other "by reason of any matter, cause or thing whatsoever from the beginning of the world to the date hereof."

At issue in this case is the right of plaintiffs to reimbursement for expenses incurred in the course of defending and set-

tling an action alleging securities law violations in connection with the merger of two companies in which United Capital Corp. held a controlling interest. In that action, commenced in 1989, it was charged that a prospectus issued in connection with the merger, consummated that same year, contained various misstatements and omissions. The Hacks were named as defendants by virtue of their alleged control of United Capital and, indirectly, of the companies involved in the merger (see, 15 USC §§ 77o, 78t [a]). Mr. Hack was represented by the same counsel as all the other defendants in the case except Mrs. Hack, who chose to employ independent counsel.

The complaint herein seeks recovery of the amount paid to settle the matter ($550,000) and the cost incurred by the Hacks in connection with their defense of the action ($191,739.08). Recovery is predicated on section 145 (a) of the Delaware General Corporation Law (Del Code Annot tit 8) which permits indemnification of any person sued "by reason of the fact" that he or she held corporate office or employment, and on the corporate charter, which requires indemnification to the full extent permitted by the statute. Defendant United Capital moved to dismiss the complaint based on the release. Supreme Court granted the motion, holding that the pendency of the securities litigation at the time the release was signed brings the claims asserted in the complaint within its operation.

Plaintiffs contend that the release does not encompass their claim for reimbursement of their settlement costs. Despite its sweeping language, they assert that the scope to be accorded the release presents a question of fact. In the alternative, they argue that their claim for reimbursement did not accrue until 1993, when they entered into the settlement agreement and the extent of the cost of defending and settling the securities litigation was established.

As this Court stated in *Mergler v Crystal Props. Assocs.* (179 AD2d 177, 178 [Sullivan, J.]), "In the absence of fraud, duress, illegality or mistake, a general release bars an action on any cause of action arising prior to its execution." The Court went on to observe that "it is not a prerequisite to the enforceability of a release that the releasor be subjectively aware or the precise claim he or she is releasing" (*supra*, at 180). In this regard, plaintiffs' contention that the corporate defendant "had to establish (but has not shown) that the 1991 release was intended to cover the Hacks' rights to indemnification" is simply not an accurate statement of the law. It is plaintiffs' burden, in seeking to set aside the release, either to demonstrate that it does not apply to their claim (*supra*, at 181) or to

establish an equitable basis to vitiate its effect (*supra*). In the absence of duress, illegality or fraud, plaintiffs "must sustain the burden of persuasion * * * to establish that the general language of the release, valid on its face and properly executed, is to be limited because of mutual mistake, or otherwise does not represent the intent of the parties" (*Mangini v McClurg*, 24 NY2d 556, 563). The litigation over the allegedly deceptive prospectus had been ongoing for a period of two years when the subject release was executed, and plaintiffs cannot establish that there was a mutual mistake as to the existence of their claim for reimbursement of legal expenses or settlement costs (*cf., Mangini v McClurg, supra*, at 569 [Burke, J., concurring]).

There is no merit to plaintiffs' contention that their claims did not accrue until 1993, when the action was compromised. While it is technically accurate to state that a claim for indemnification accrues upon payment (*Matter of Valstrey Serv. Corp. v Board of Elections*, 2 NY2d 413, 415), plaintiffs have not demonstrated any basis for the application of the principle to the facts of this case. If, as plaintiffs suggest, the corporation had an obligation to provide them with a defense, that obligation had existed for a period of two years at the time they entered into the release. Mrs. Hack had already incurred legal fees in connection with her retention of independent counsel, and both plaintiffs were certainly aware of the potential liability confronting them and the need to interpose a defense. As the Court of Appeals stated, "words of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which *might* then have been adjudicated as a result of pre-existent controversies" (*Lucio v Curran*, 2 NY2d 157, 161-162 [emphasis in original]). Plaintiffs fail to explain why their claim against the corporate defendant could not have been asserted in the context of the securities litigation (CPLR 1007; *Bay Ridge Air Rights v State of New York*, 44 NY2d 49, 54; *Mars Assocs. v New York City Educ. Constr. Fund*, 126 AD2d 178, 191-192, *lv dismissed* 70 NY2d 747, quoting *Burgundy Basin Inn v Watkins Glen Grand Prix Corp.*, 51 AD2d 140, 146) or why a judgment declaring the corporation's obligation to provide a defense could not have been sought (CPLR 3001). Finally, had plaintiffs wished to limit application of the release, it would have been a simple matter to include language to that effect. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.