■ LEHIGH CONSTRUCTION GROUP, INC., Respondent, v LEONARD ALMQUIST, Appellant. [692 NYS2d 551] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Defendant is a certified public accountant who was hired by plaintiff to audit plaintiff's financial statements. Plaintiff commenced this action alleging that defendant was negligent in failing to detect changes to the "foot" or total amount of certain columns on those statements that had been made by an employee of plaintiff in an effort to conceal embezzlement. Plaintiff seeks damages in excess of $3 million, including claims for non-out-of-pocket damages in the nature of lost profits and excess expenses. Plaintiff alleges that, had defendant properly discovered the discrepancy and apprised plaintiff's owners of the company's true financial circumstances during the fiscal year 1991, rather than in 1993, plaintiff would have altered its bid structure and procedures to increase its bids, including its profit, on public and private construction projects and would have reduced or eliminated certain operating expenses.

Supreme Court erred in denying defendant's motion for partial summary judgment dismissing all claims for non-out-of-pocket damages in the nature of lost profits and excess expenses. Although lost profits that directly result from the breach of a contract are recoverable, "[a] party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty" (*Ashland Mgt. v Janien,* 82 NY2d 395, 403). Defendant met his initial burden by establishing that plaintiff's claim of lost

profits was too speculative as a matter of law (*see, Hirsch Elec. Co. v Community Servs.*, 145 AD2d 603, 605; *Manshul Constr. Corp. v Dormitory Auth.*, 111 Misc 2d 209, 224-225, *affd* 88 AD2d 794, *lv denied* 57 NY2d 608). Defendant established that, even if plaintiff had altered its bid strategy to include a greater profit margin and higher bids during 1991 and 1992, there is no evidence that plaintiff would have been the low bidder or that, if its bids had been accepted, all of the projects would have proceeded smoothly, thereby enabling plaintiff to secure the estimated profit. Plaintiff failed to raise a triable issue of fact in opposition. The unsworn statements of an accountant describing the theory underlying plaintiff's claim and the manner in which the non-out-of-pocket damages were calculated is insufficient to raise a triable issue of fact (*see, Thousand v Hedberg*, 249 AD2d 941; *Barilla v Meredith Corp.*, 224 AD2d 992), and plaintiff failed to raise a triable issue of fact with respect to the expenses that it would have eliminated and reduced had it known its true financial condition in 1991 and 1992. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Denman, P. J., Pine, Pigott, Jr., Hurlbutt and Balio, JJ.