■ Brandon Scordus et al., Respondents, v Route Brokers, Inc., et al., Appellants, et al., Defendant. [749 NYS2d 58] —In an action to recover a deposit regarding a distribution route, (1) the defendant Route Brokers, Inc., appeals from (a) a decision of the Supreme Court, Richmond County (Mega, J.), dated May 15, 2001, and (b) so much of a judgment of the same court, dated May 30, 2001, as, after a nonjury trial, is in favor of the plaintiffs and against it in the principal sum of $27,900, and (2) the defendant Jessilyn Distributors, Inc., appeals from (a) the same decision, and (b) so much of the same judgment as dismissed its counterclaim.

Ordered that the appeals from the decision are dismissed, as no appeals lie from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs sought to purchase a beverage route through the services of the defendant Route Brokers, Inc. (hereinafter Route Brokers), a company in the business of finding product distribution routes for interested purchasers. Route Brokers found a beverage route for sale by the defendant Jessilyn Distributors, Inc. (hereinafter Jessilyn), and the plaintiffs executed a buyer's nonrefundable deposit agreement (hereinafter the deposit agreement) which required them to give Route Brokers a deposit of $27,900 to secure the purchase. Several weeks later, the plaintiffs commenced this action seeking a

refund of their deposit on the ground that several conditions in the deposit agreement were not fulfilled. Jessilyn interposed a counterclaim alleging that the plaintiffs breached the deposit agreement by failing to close on the route they had agreed to purchase.

At trial, the plaintiffs sought to offer into evidence their copy of the deposit agreement but defense counsel objected because it was not the original agreement. The plaintiffs' copy contained a clause that was written in, providing, "this agreement is subject to Sellers acceptance of a formal contract with the Buyers." Route Brokers claimed that it was going to produce the original agreement, which did not have the written-in modification, and therefore that the plaintiffs' version of the agreement should not be admitted into evidence because it violated the best evidence and parol evidence rules. The court admitted both documents into evidence, and none of the parties objected.

Following a nonjury trial, the court awarded the plaintiff $27,900 and dismissed Jessilyn's counterclaim. Judgment was entered in favor of the plaintiffs, and the defendants appeal.

The defendants' contention that the plaintiffs' copy of the deposit agreement should not have been admitted into evidence is unpreserved for appellate review. In any event, while the plaintiffs' copy of the deposit agreement was improperly admitted into evidence because it was contrary to the best evidence and parol evidence rules (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639; Zugarek v Walck, 54 AD2d 1074), its admission into evidence was harmless error. There is sufficient evidence set forth in the record to support the Supreme Court's determination that the plaintiffs were entitled to a refund of their $27,900 deposit (see Matter of Abdella v Scribner, 31 NY2d 940).

The deposit agreement was not an expression of agreement. It is clear from the record that the parties contemplated the execution of a formal contract, that a number of conditions in the deposit agreement remained unfulfilled, and there was no meeting of the minds on a number of essential issues as evidenced by the parties conflicting testimony as to the terms of the sale (see Danton Constr. Corp. v Bonner, 173 AD2d 759; Ramos v Lido Home Sales Corp., 148 AD2d 598). Therefore, although the closing never took place, it was through no fault of the plaintiffs and they are entitled to a refund of their deposit from Route Brokers.

The appellants' remaining contentions are either without merit or do not require reversal. O'Brien, J.P., Krausman, Schmidt and Cozier, JJ., concur.