■ AIMCO CHELSEA LAND, LLC, et al., Appellants, v JOAN R. BASSEY et al., Respondents. [773 NYS2d 908]—

In an action, inter alia, to recover the proceeds of an escrow fund, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 25, 2003, which denied their motion for summary judgment and granted the cross motion of the defendant Joan R. Bassey, as executor of the estate of L. Richard Rosenberg, for summary judgment releasing the proceeds of the escrow fund to her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

The plaintiffs seek to recover the proceeds of an escrow fund created when they purchased property from the defendant Joan R. Bassey, as executor of the estate of L. Richard Rosenberg (hereinafter Bassey). The parties anticipated a problem with the water supply system on the property and placed $250,000 of the

purchase price of the property in an escrow fund with the defendant Fidelity National Title Insurance Company of New York (hereinafter Fidelity). According to the escrow agreement, the funds were to be released to the plaintiffs if the Dutchess County Department of Health (hereinafter the DOH) required remedial action in connection with the water supply system within one year of the agreement, and if the associated costs were incurred within 18 months of the agreement. Both the plaintiffs and Bassey sought to recover the proceeds of the funds and disputed whether the DOH required remedial action. The Supreme Court denied the plaintiffs' motion for summary judgment and granted Bassey's cross motion for summary judgment, finding that Bassey was entitled to the funds as the DOH did not require remedial action.

We reverse. It is well settled that a "contract must be read as a whole in order to determine its purpose and intent, and . . . single clauses cannot be construed by taking them out of their context and giving them an interpretation apart from the contract of which they are a part" (*Matter of Friedman,* 64 AD2d 70, 81 [1978] [internal quotation marks omitted]; *see Eighth Ave. Coach Corp. v City of New York,* 286 NY 84, 88 [1941]). Here, the escrow agreement clearly states that the escrow fund was created to protect the plaintiffs against the cost of the remedial action. Contrary to the Supreme Court's determination, the plaintiffs established, prima facie, that the DOH required remedial action and that they incurred costs for the remedial action within the time period stated in the escrow agreement. In opposition, Bassey failed to raise a triable issue of fact sufficient to defeat summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.