■ NICHOLAS JOSEPH, Respondent, v RUBINSTEIN JEWELRY MFG. Co., INC., Appellant. [795 NYS2d 664]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Schmidt, J.) dated June 11, 2003, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $300,000.

Ordered that the judgment is affirmed, with costs.

This matter concerns a dispute between the parties over the nature and extent of the defendant's obligations pursuant to an asset purchase agreement dated May 22, 1997. The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. " ' "While the meaning of a contract is ordinarily a question of law, when a term or clause is ambiguous and the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (*Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880)' " (*Lerer v City of New York,* 301 AD2d 577, 578 [2003], quoting *Reiner v Wenig,* 269 AD2d 379 [2000]). The provision of the asset purchase agreement requiring the defendant to pay the plaintiff a commission on the sale

of any items of jewelry "identical to an item heretofore sold by the Seller" is ambiguous and subject to different interpretations. Moreover, the plaintiff established the existence of triable issues of fact, inter alia, as to whether the defendant was the first to repudiate the provision of the agreement requiring it to bear the expense of and assist the plaintiff in the production of a catalogue, thereby excusing the plaintiff from further performance under this provision (*see J.S. Gourmet, Inc. v Bretton Woods Home Owners Assn., Inc.,* 11 AD3d 583 [2004]). Furthermore, the defendant failed to sustain its initial burden of establishing that the plaintiff's claim of lost commissions due to the failure to produce and disseminate a catalogue was too speculative as a matter of law (*see Kenford Co. v County of Erie,* 67 NY2d 257, 261 [1986]; *Lehigh Constr. Group v Almquist,* 262 AD2d 943 [1999]; 11 Corbin, Contracts § 1025).

Following a trial, the jury returned a verdict in the plaintiff's favor, finding three separate breaches of the agreement by the defendant and awarding the plaintiff damages in the sums of $150,000 for lost commissions, $100,000 for unpaid commissions, and $50,000 as an unpaid sales goal bonus.

We reject the defendant's contention that it was prejudiced by the Supreme Court's improper and inconsistent rulings concerning the admissibility of parol evidence to explain an ambiguity in the parties' agreement. The majority of the Supreme Court's rulings on this issue were proper, and to the extent that some of the rulings were incorrect, the error was harmless, since the jury's interpretation of the agreement is supported by the evidence (*see* CPLR 2002; *Scordus v Route Brokers,* 298 AD2d 573 [2002]).

The Supreme Court's ruling on the admissibility of testimony concerning the plaintiff's projected loss of profits was not erroneous.

The defendant's remaining contentions are without merit. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.