FAIR OAK, LLC, Appellant, v GREENPOINT FINANCIAL CORP., Respondent. [810 NYS2d 504]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered September 22, 2004, as denied its motion for summary judgment and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In November 1995 the defendant, as tenant, entered into a commercial lease with the plaintiff's predecessor-in-interest, Triad IV Associates (hereinafter Triad), as landlord. The lease contained a real estate tax escalation clause, which provided that the defendant would pay as additional rent a portion of any increase in the amount of real estate taxes for a tax year resulting, inter alia, from an increase in the assessed valuation for that tax year over the "Base Assessed Valuation." The base assessed valuation of the property was defined as the valuation

determined by the Nassau County Assessor's Office "without giving effect to any reduction thereof pursuant to any abatement, exemption or other reduction applicable to the Real Property during the Base Tax Year." In 1996 Triad commenced a tax certiorari proceeding to reduce the assessed valuation of the property for the 1994/95 tax year and, subsequently, commenced another proceeding to reduce the assessment for later years. In 1999 the court reduced the assessed valuation for the base tax year and later years. However, the newly reduced assessed valuations, although lower than the original assessed valuations, increased from year to year; the original assessed valuations were the same from year to year. The plaintiff, which had purchased the premises from Triad, recalculated the additional rent using the newly reduced assessed valuations and billed the defendant for more additional rent. When the defendant discovered the recalculation, it refused to pay. The plaintiff commenced the instant action, and the defendant counterclaimed.

The Supreme Court properly determined that the reduction to the assessed valuation of the property for the base tax year resulting from the tax certiorari proceeding should not be applied in computing the base assessed valuation. Contrary to the plaintiff's contentions, the Supreme Court correctly distinguished *J.C. Penney Co. v 1700 Broadway Co.* (104 Misc 2d 787 [1980]). In that case, the parties contemplated such a reduction in the base assessed valuation and included language to that effect in the terms of the lease. Here, although the parties were aware of the impending tax certiorari proceeding, the base assessed valuation was defined in terms that did not allow for any future modification.

Moreover, although the plaintiff submitted evidence demonstrating that the defendant's attorney drafted the particular clause in question, the rule construing language against the drafter does not apply because the parties agree that the terms are not ambiguous, each party was represented by counsel, and the agreement was extensively negotiated (*see Coliseum Towers Assoc. v County of Nassau*, 2 AD3d 562, 565 [2003]; *cf. 151 W. Assoc. v Printsiples Fabric Corp.*, 61 NY2d 732, 734 [1984]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur. [*See* 5 Misc 3d 1004(A), 2004 NY Slip Op 51192(U) (2004).]