■ ANALISA SALON, LTD., Appellant, v ELIDE PROPERTIES, LLC, Respondent. [818 NYS2d 130]—

In an action for a judgment declaring the parties' respective rights under a commercial lease, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated September 13, 2004, as, upon an order of the same court entered January 27, 2004, denying its motion for summary judgment, and after a nonjury trial, declared that commencing February 15, 2002, the plaintiff is to pay 100% of real estate taxes assessed against the subject premises and 100% of insurance premiums relating to the premises, as part of its rent obligation.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and it is declared that commencing February 15, 2002, the plaintiff's rent is to be calculated to include annual tax increases or decreases and annual increases in insurance premiums relating to the subject premises, over and above the amounts paid by the defendant for those items in the base year of 1997.

A " 'contract must be read as a whole in order to determine its purpose and intent, and . . . single clauses cannot be construed by taking them out of their context and giving them an interpretation apart from the contract of which they are a

part' " (*Aimco Chelsea Land v Bassey*, 6 AD3d 367, 368 [2004], quoting *Matter of Friedman*, 64 AD2d 70, 81 [1978]). Furthermore, "[i]n interpreting the provisions of a lease, the court should refrain from rewriting the lease under the guise of construction, should not construe the language of the lease in such a way as would distort its meaning, and should not construe the language in a manner that would render one or more of its provisions meaningless" (*Poughkeepsie Sav. Bank v G.M.S.Y. Assoc.*, 238 AD2d 327 [1997]).

Here, the Supreme Court's denial of the motion by the plaintiff tenant for summary judgment, which is brought up for review on this appeal (*see* CPLR 5501 [a] [1]), was proper, since the terms relating to the calculation of rent upon renewal of the lease were inartfully drafted and ambiguous (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881 [1985]; *Yerushalmi & Assoc., LLP v Westland Overseas Corp.*, 21 AD3d 1098 [2005]; *Joseph v Rubinstein Jewelry Mfg. Co., Inc.*, 18 AD3d 615 [2005]). However, the evidence adduced at trial supported the plaintiff's interpretation of the rent calculation clause as requiring it to pay only the increases in taxes and insurance costs relating to the subject premises from the base year of 1997 onward. The trial court's construction of the lease to require the plaintiff to pay 100% of the taxes and insurance costs distorts the meaning of the rent calculation clause and is contrary to the trial evidence regarding the intent of the contracting parties. While it is true that a net lease ordinarily requires a tenant to pay all expenses associated with the property (*see First Fed. Sav. & Loan Assn. of Rochester v Minkoff*, 176 AD2d 1049, 1051 [1991]), the lease in this case contains a rider stating that the rent was "to include annual incremental tax increases or decreases on all local, state and county taxes, as well as increases for Landlord's insurances," and also provided that 1997 would be used as the base year for calculating such increases. The rider would not need to refer to a base year if the parties simply had agreed that the plaintiff would pay 100% of the taxes and insurance each year. Similarly, the rider would not need to refer to "annual incremental tax increases or decreases . . . as well as increases for Landlord's insurances" if the parties had intended to require the plaintiff to pay all of the taxes and insurance. Moreover, the evidence admitted at trial regarding the intent of the parties to the lease supports the construction of the rent calculation clause to require the plaintiff to pay only the annual increases in taxes and insurance from 1997 onward rather than the entire amount of taxes and insurance. Accordingly, the judgment is reversed insofar as appealed from, and it is declared that commencing

February 15, 2002, the plaintiff's rent is to be calculated to include annual tax increases or decreases and annual increases in insurance premiums relating to the subject premises, over and above the amounts paid by the defendant for those items in the base year of 1997.

To the extent that the plaintiff requests a computation of its annual rent obligation, that relief is more properly sought by way of motion practice in the Supreme Court. Furthermore, the plaintiff's request for relief from a judgment of the Justice Court for the Town of Eastchester should be addressed to that court. Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.