■ J.W. Mays, Inc., Respondent, v Snyder Fulton Street, LLC, Appellant, et al., Defendant. [893 NYS2d 162]—

"[A] contract must be read as a whole in order to determine its purpose and intent, and . . . single clauses cannot be construed by taking them out of their context and giving them an interpretation apart from the contract of which they are a part" (*Matter of Friedman*, 64 AD2d 70, 81 [1978] [internal quotation marks and citation omitted]; *see Aimco Chelsea Land v Bassey*, 6 AD3d 367, 368 [2004]). Furthermore, "[i]n interpreting the provisions of a lease, the court should refrain from rewriting the lease under the guise of construction, should not construe the language of the lease in such a way as would distort its meaning, and should not construe the language in a manner that would render one or more of its provisions meaningless" (*Poughkeepsie Sav. Bank v G.M.S.Y. Assoc.*, 238 AD2d 327, 327 [1997] [citations omitted]).

In this case, the plaintiff's predecessor, as tenant, constructed the subject premises after entering into a long-term ground lease with the appellant's predecessor, as landlord. The lease made the tenant responsible for "any structural or other changes, alterations or additions to any buildings on the demised premises" necessary to comply, inter alia, with ordinances and regulations of the local, state, and federal governments. The language of the parties' lease did not limit the tenant's responsibility under this provision to structural changes or alterations made necessary because of the particular use to which it put the subject premises (*cf. Linden Blvd. v Elota Realty Co.*, 196 AD2d 808, 810 [1993]; *Wolf v 2539 Realty*

*Assoc.*, 161 AD2d 11, 16 [1990]). Under the circumstances presented, the plaintiff failed to make a prima facie showing that it had no obligation under the terms of the subject lease to correct or cure purported structural defects to the stairwells or roof, or to abate potential hazardous materials at the premises (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The abatement of hazardous materials may constitute a structural change (*see Linden Blvd. v Elota Realty Co.*, 196 AD2d at 810 [asbestos abatement constitutes a structural change]).

Accordingly, upon reargument, the Supreme Court should have vacated so much of the order dated November 24, 2008, as granted that branch of the plaintiff's motion which was for partial summary judgment declaring that it is not obligated under the terms of the lease to correct or cure purported structural defects to the stairwells or roof, or to abate potential hazardous materials at the premises, and thereupon, should have denied that branch of the plaintiff's motion.

The parties' remaining contentions are either academic or without merit. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.