Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 28, 2012, which granted so much of defendant’s motion to dismiss the complaint as sought to dismiss the cause of action for breach of fiduciary duty, unanimously modified, on the law, to dismiss so much of plaintiffs’ remaining claims as challenges the 2007 intercreditor agreement, and otherwise affirmed, without costs.
Plaintiffs, noteholders under a trust indenture, commenced this action to recover hundreds of millions of dollars in losses they allege were caused by defendant, the Bank of New York Mellon, in its capacity as indenture trustee. Defendant is correct that plaintiffs may not challenge the 2007 intercreditor agreement in the instant action because the settlement agreement states, “Upon the occurrence of the Payment Date, the 2015 Notes Trustee will waive, with prejudice, all challenges to the December 20, 2007 Intercreditor Agreement” (emphasis added). It is undisputed that the payment date has occurred. *583 Furthermore, the 2015 notes trustee’s execution of the settlement agreement bound the 2015 noteholders. If plaintiffs had wished to limit their waiver of their challenge to that agreement, “it would have been a simple matter to include language to that effect” (Hack v United Capital Corp., 247 AD2d 300, 302 [1st Dept 1998]).
Indeed, our broad interpretation of the word “all” in the release is consistent with the language of the release which expressly released the “2015 Note Trustees” and each of its “predecessors.” Contrary to plaintiffs allegations, there is nothing in the language of the release indicating that the term “predecessors” means anything less than its ordinary meaning as referring to “[o]ne who precedes another in an office or position” (see Black’s Law Dictionary 1297 [9th ed 2009]). Certainly, if the parties intended the release not to cover the 2015 note trustees’s predecessors (i.e., defendant) they would not have used the word “all,” which we view as broadly releasing “all challenges to the December 20, 2007 Intercreditor Agreement.” “ ‘[S]ingle clauses cannot be construed by taking them out of their context and giving them an interpretation apart from the contract of which they are a part’ ” (Analisa Salon, Ltd. v Elide Props., LLC, 30 AD3d 448, 448-449 [2d Dept 2006], quoting Aimco Chelsea Land v Bassey, 6 AD3d 367, 368 [2d Dept 2004]). Thus, in the context of this broad release, it makes perfect sense that “predecessor” means Wilmington’s predecessor as trustee (i.e., defendant) and not just the corporate predecessor.
In light of our finding that plaintiffs may not challenge the 2007 intercreditor agreement, we need not address defendant’s contentions that section 9.10 (11) of the indenture authorized it to enter into the 2007 intercreditor agreement without the noteholders’ consent and that it reasonably believed that it was authorized to execute that agreement without such consent or plaintiffs’ contention that defendant breached the indenture by failing to obtain an officer’s certificate and opinion of counsel before executing the 2007 intercreditor agreement.
We have considered plaintiffs’ argument that the complaint sufficiently alleges defendant’s actual knowledge of a default or event of default (as those terms are defined in the indenture) and find it unavailing. Concur—Tom, J.E, Sweeny, Renwick and Manzanet-Daniels, JJ.