CDC Dev. Props., Inc. v American Ind. Paper Mills Supply Co., Inc. (2020 NY Slip Op 03215)





CDC Dev. Props., Inc. v American Ind. Paper Mills Supply Co., Inc.


2020 NY Slip Op 03215


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11303
 (Index No. 51573/15)

[*1]CDC Development Properties, Inc., respondent,
v
American Independent Paper Mills Supply Company, Inc., appellant, et al., defendant.


Mark E. Constantine, Irvington, NY, for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Kimberly A. Ricciardi and John U. H. Blumenstock of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant American Independent Paper Mills Supply Company, Inc., appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated September 29, 2017. The order, insofar as appealed from, denied that branch of its cross motion which was, in effect, for summary judgment dismissing the breach of contract cause of action insofar as asserted against it and declaring that it did not breach the subject lease by causing the plaintiff to overpay rent.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion of the defendant American Independent Paper Mills Supply Company, Inc., which was, in effect, for summary judgment dismissing the breach of contract cause of action insofar as asserted against it and declaring that it did not breach the subject lease by causing the plaintiff to overpay rent is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant American Independent Paper Mills Supply Company, Inc., did not breach the subject lease by causing the plaintiff to overpay rent.
In November 2006, the parties entered into a commercial lease whereby the defendant American Independent Paper Mills Supply Company, Inc. (hereinafter AIP), agreed to lease approximately 26,400 square feet of office and warehouse space at South Depot Plaza in Tarrytown for a 10-year term to the plaintiff, CDC Development Properties, Inc. (hereinafter CDC), for the purpose of operating an activities and sports complex. The lease set forth the schedule and amount of rent and contained a separate tax escalation clause addressing CDC's proportional payment of any increases in property taxes from the base tax year as "additional rental [sic]" and reimbursement in the event of a tax refund, remission, or abatement. The tax escalation clause provided that AIP had the right to contest the validity of any taxes or the amount of the assessed valuation of all or part of the property for any fiscal tax year and, if it received any tax refund, remission, or abatement with respect to the contested taxes, AIP would reimburse CDC for its "proportionate share thereof," after deducting costs and expenses. Thereafter, AIP billed CDC "additional rental" for increased property taxes in 2007 and 2008, which CDC paid. AIP subsequently challenged its property tax assessments by the Town of Greenburgh and the Village of Tarrytown for certain tax years and obtained a [*2]reduction and refund of certain taxes paid.
CDC commenced this action in February 2015 against AIP and another, alleging that AIP breached the lease by failing to provide CDC with a tax refund for CDC's overpayment of rent from 2006 to 2014. CDC alleged that the tax refund AIP obtained created a new base tax amount, which was not reflected in a rent reduction, causing it to overpay rent. Thereafter, CDC moved for summary judgment in its favor and AIP cross-moved, inter alia, in effect, for summary judgment dismissing the breach of contract cause of action insofar as asserted against it and declaring that AIP did not breach the lease by causing CDC to overpay rent. The Supreme Court denied the motion and the cross motion. AIP appeals.
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide. A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion'" (Greenfield v Philles Records, 98 NY2d at 569, quoting Breed v Insurance Co. of North Am., 46 NY2d 351, 355 [citation omitted]). " In interpreting the provisions of a lease, the court should refrain from rewriting the lease under the guise of construction, should not construe the language of the lease in such a way as would distort its meaning, and should not construe the language in a manner that would render one or more of its provisions meaningless'" (45-02 Food Corp v 45-02 43rd Realty LLC, 37 AD3d 522, 525, quoting Poughkeepsie Sav. Bank v G.M.S.Y. Assoc., 238 AD2d 327, 327).
Here, the lease clearly and unambiguously did not permit a reduction or refund of rent. Neither paragraph 35 of the lease, which addressed the payment of rent, nor paragraph 37, which contained the rent escalation clause, provided for any reduction in rent under any circumstance. Rather, the lease permitted only the proportional reimbursement of "additional rental" CDC paid pursuant to the tax escalation clause if AIP received a tax refund, remission, or abatement. Accordingly, that branch of AIP's cross motion which was, in effect, for summary judgment dismissing the breach of contract cause of action insofar as asserted against it and declaring that AIP did not breach the lease by causing CDC to overpay rent should have been granted (see Fair Oak, LLC v Greenpoint Fin. Corp., 26 AD3d 458, 459; Agip Petroleum Co.. v 666 Fifth Ave. Ltd. Partnership, 297 AD2d 483).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that AIP did not breach the lease by causing CDC to overpay rent (see Lanza v Wagner, 11 NY2d 317, 334).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court