# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**189**
**CA 10-01867**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

STEVEN J. KELLERSON AND MARY KELLERSON,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

ZENAIDA F. ASIS, DEFENDANT-APPELLANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (ALISON M.K. LEE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (AMY M. VANDERLYKE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered April 23, 2010 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Steven J. Kellerson (plaintiff) when he was struck by a vehicle operated by defendant. Plaintiff was working in an automatic car wash tunnel at the time of the accident. According to plaintiffs, plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories set forth in Insurance Law § 5102 (d). We conclude that Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident. Even assuming, arguendo, that defendant met her initial burden on the motion, we conclude that plaintiffs raised triable issues of fact whether plaintiff sustained a serious injury under both categories (*see Parkhill v Cleary*, 305 AD2d 1088, 1089-1090). In opposition to the motion, plaintiffs submitted the affirmation of plaintiff's treating orthopedic surgeon, who reviewed the results of an MRI and other diagnostic tests and conducted his own objective tests. The orthopedic surgeon concluded that plaintiff had sustained, inter alia, a complex tear of the posterior horn of the right knee meniscus requiring surgical repair and a permanent 15% loss of use of the right leg that were causally related to the accident. That evidence was sufficient to defeat defendant's motion (*see Jaramillo v Lobo*, 32 AD3d 417).

We reject defendant's contention that the court erred in denying her motion because there was a "gap" in plaintiff's treatment. Plaintiff's treating orthopedic surgeon provided the unrebutted explanation that, although plaintiff's condition had improved to a point where he could be discharged from active treatment, the potential for further meniscal tear complications was ever present and, consistent with the orthopedic surgeon's earlier predictions, further treatment, i.e., surgery, became necessary when plaintiff's condition worsened.  Needless continuous medical treatment is not necessary to establish a serious injury (*see Brown v Dunlap*, 4 NY3d 566, 577).  We conclude that plaintiff established a reasonable explanation for the gap in or cessation of treatment sufficient to defeat defendant's motion (*see id*.).

We reject defendant's further contention that plaintiffs improperly served a supplemental bill of particulars after the note of issue was filed and defendant had moved for summary judgment dismissing the complaint.  "A party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities without leave of court at any time, but not less than [30] days prior to trial," so long as the continuing damages and disabilities are an anticipated sequelae of the injuries described in the original bill of particulars (CPLR 3043 [b]; *see Tate v Colabello*, 58 NY2d 84, 86-87).  Here, plaintiffs' supplemental bill of particulars merely expanded upon the continuing disabilities alleged in the original bill of particulars and did not set forth a new legal theory of liability or new injuries (*see Tate*, 58 NY2d at 87).  Early on in treatment, plaintiff's orthopedic surgeon specifically mentioned the possibility of a meniscal tear, and plaintiffs disclosed that statement in the original bill of particulars.  Defendant contends that plaintiffs were not permitted to serve a supplemental bill of particulars after she had moved for summary judgment because her motion effectively stayed disclosure (*see* CPLR 3214 [b]).  That contention is without merit inasmuch as a supplemental bill of particulars is not a disclosure device pursuant to CPLR 3102 (a).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court