# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1278
CA 14-00949
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

KENNETH W. SISEMORE, II AND AMANDA SISEMORE,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

CASEY DONALD LEFFLER AND MULLANE MOTORS, INC.,
DEFENDANTS-APPELLANTS.

---

CONNORS & VILARDO, LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered December 23, 2013. The order denied the motion of defendants to, inter alia, strike portions of plaintiffs' second supplemental bill of particulars.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Kenneth W. Sisemore, II (plaintiff) in a motor vehicle accident. Defendants appeal from an order denying their motion in limine, which sought to strike certain portions of plaintiffs' second supplemental bill of particulars regarding the need for a future surgery and future loss of earnings. According to defendants, the second supplemental bill of particulars amounted to an improper amendment rather than merely a "supplement" and therefore required leave of court. Defendants also sought to preclude plaintiffs' experts from testifying at trial due to insufficient expert disclosure. Alternatively, defendants contended that the second supplemental bill of particulars and expert disclosure were not timely served. Initially, we note that this order denying defendants' motion in limine is appealable because "the order in question is '[a]n order deciding . . . a motion [that] clearly involves the merits of the controversy . . . and affects a substantial right' " (*Muhammad v Fitzpatrick*, 91 AD3d 1353, 1353-1354).

We conclude that Supreme Court properly denied the motion. "Where 'the plaintiff[s] seek[] to allege continuing consequences of the injuries suffered and described in previous bills of particulars, rather than new and unrelated injuries, the contested bill of

particulars is a supplemental bill of particulars, rather than an amended bill of particulars' " (*Restuccio v Caffrey*, 114 AD3d 836, 837; *see Kellerson v Asis*, 81 AD3d 1437, 1438).  Here, plaintiffs' second supplemental bill of particulars alleged that plaintiff may require surgery in the future, which could involve anterior C5-6 and C6-7 discectomy and fusion.  In addition, plaintiffs alleged "future cumulative economic loss" of between approximately $1,299,555.00 and $1,699,464.00.  Plaintiffs had alleged in their prior bills of particulars that plaintiff may require surgery and that there would be a claim for future lost earnings.  Thus, the portions of the second supplemental bill of particulars at issue were "an anticipated sequelae" of the injuries and damages previously alleged and did not allege new claims (*Kellerson*, 81 AD3d at 1438).

Contrary to defendants' further contention, the court properly refused to preclude plaintiffs' experts from testifying at trial due to insufficient expert disclosure.  "[P]reclusion [of expert testimony] for failure to comply with CPLR 3101 (d) is improper unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Marchione v Greenky*, 5 AD3d 1044, 1045 [internal quotation marks omitted]; *see Carlson v Porter*, 53 AD3d 1129, 1132, *lv denied* 11 NY3d 708), and here defendants failed to provide any evidence of a willful or intentional failure to disclose by plaintiffs or any evidence of prejudice (*see Marchione*, 5 AD3d at 1045).

Finally, defendants' alternative contention that plaintiffs' second supplemental bill of particulars and expert disclosure were not timely served in view of the scheduled date of trial was rendered moot because the trial was adjourned.

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court